ROBERT KELLS *v.* HELM & YERGER.

PARTY-WALL. *Lien. Purchaser without notice. Rights of subsequent purchaser.*
 C. and M. were owners of adjacent town-lots. They agreed, verbally, that C., who wished to build on his lot, might put a wall on the common boundary-line, and that when M. built on his lot he might use this wall, but must then pay C. half the value thereof; and, in 1866, C. built accordingly. In 1867, M. built upon his lot, using the wall erected by C., but, after the completion of his building, conveyed the lot in trust to secure a sum of money then advanced by G. In 1868, C. sold his lot to K., and also assigned his claim against M. for the value of one-half of the party-wall to K. M. and K. agreed, in writing, as to the amount of this claim; that K. was entitled to it as assignee of C.; that M. would pay the same in twelve months; and that K. did not, by that agreement, release his claim on the lot of M., the existence and validity of which were recognized. This agreement was not made till after the deed in trust had been recorded. After the recording of the agreement, M.'s lot was sold, under the deed of trust, to H. & Y. At the time G. advanced the money and took the deed of trust, he had no actual knowledge of C.'s claim, but knew that the wall erected by C. was used by M. *Held,* that G. had the right to presume that M. paid his share of the cost of the wall; and that the agreement between M. and K., being made after the rights of G. had attached under the deed of trust, only operated as a subsequent encumbrance; and H. & Y., having purchased under the senior encumbrance, are entitled to all of the rights of the first encumbrancer, unaffected by the notice which they had at the time of their purchase.

APPEAL from the Chancery Court of Hinds County.
Hon. E. G. PEYTON, Chancellor.

The case is sufficiently stated in the opinion of the court.

*Nugent & Mc Willie*, for the appellant.

1. The wall belonged to Cooper or his vendee, Kells, until one-half the cost of erecting the same should be paid. Cooper had license, by parol agreement, to erect one-half the wall on Miazza's side of the division-line. Our statute dispenses with the necessity of written evidence of such agreement. Thus having the right to erect the wall, Cooper erected it at his own expense, and there was no element of ownership wanting to perfect his right to the whole wall. 70 Pa. St. 30; 7 Am. Law Rep. 459; 121 Mass. 459; Gibbons on Dilap., subject, " Party-wall."

2. The wall is still the property of Cooper's vendee, as it has never been paid for. Miazza could not convey any right therein, and the question of an innocent purchaser for value is not involved in this cause. The appellees are now using the appellant's property without compensating him in any manner, and an *assumpsit* on their part to reimburse him should be implied. By the use of the wall, they incur the obligation to the same extent that their grantor did. 1 Abb. Pr. 227; 20 Ohio St. 414; 2 Duer, 90–98; 28 Iowa, 231; 9 Iowa, 260.

3. The license to Cooper to build the wall was an incorporeal hereditament, and the covenant connected with it bound, and was a charge upon, the land. 2 Ves. 663; 1 Ld. Raym. 317; 3 Wils. 26; 10 East, 130; 5 N. H. 192; Platt on Cov. 469; 4 E. D. Smith, 122; 1 Bradf. 553; 3 Denio, 295; Smith's Ld. Cas. 129. Verbal agreements in relation to party-walls are as valid, under our statute, as covenants by deed. Code 1857, pp. 184, 185.

*Frank Johnston*, for the appellees.

1. There was no such thing known at common law as an implied lien for the value of, or a claim for compensation for, a party-wall. Parties, by express stipulations in deeds, have charged such claims on land as liens, or as covenants or burdens running with land; but the burden was created by, and

rested in, contract. But in the cases where there were no special covenants or liens arising *ex contractu*, it has been declared that no lien for such purpose is raised by implication of law. *Gilbert* v. *Drew*, 10 Barr, 219; *Weld* v. *Nichols*, 17 Pick. 543; *Cole* v. *Hughes*, 54 N. Y. 444; *Ingles* v. *Binghurst*, 1 Dall. 367; 2 Washb. on Real Prop. 262, 263; *White* v. *Snyder*, 2 Miles, 396.

- 2. The provisions of the Code of 1857, in relation to the erection of party-walls, did not require the agreement of the parties to be in writing, but the verbal agreements therein contemplated were only intended to create personal obligations. Code 1857, pp. 184, 185, arts. 10–12. Those provisions did not impose any lien on the land; but, on the contrary, contemplated a payment in cash before a wall could be used by one who had not contributed to its erection.

3. But even if there was a lien created, either by inplication of law or by the verbal contract between Cooper and Miazza, it could not be enforced against subsequent purchasers from Miazza, for value and without notice. Helm & Yerger, as purchasers under the trust-deed, are entitled to all the rights and equities of J. & T. Green. *Price* v. *Martin*, 46 Miss. 489.

GEORGE, C. J., delivered the opinion of the court.

In 1866, F. T. Cooper and Angelo Miazza were severally owners of adjacent lots in the city of Jackson. Cooper desiring to erect a house on his lot, he and Miazza agreed that Cooper should, at his own expense, erect the eastern wall of his house on their common boundary-line, and that when Miazza should be ready to build, he should pay one-half the value of the wall, and use it as the western wall of any building he should erect on his lot. Accordingly, Cooper erected his building in 1866, with its eastern wall located as agreed on; and, in 1867, Miazza erected on his lot a building known as Angelo's Hall, using the wall which had been erected by Cooper, in pursuance of their agreement. In the same year, and after the completion

of Angelo's Hall, Miazza conveyed his lot in trust to secure J. & T. Green in the sum of $10,000, then advanced to him by the Greens on the security of the deed in trust. In 1868, Cooper sold his lot to the appellant, Kells, and at the same time assigned to Kells his claim against Miazza for the value of one-half of the wall; and Miazza and Kells agreed, in writing, that the amount of this claim was $315, that Kells was entitled to it as assignee of Cooper, and that Miazza would pay the same to Kells within twelve months. It was stipulated in this writing that Kells did not thereby release his lien on the lot of Miazza, who at the same time admitted and recognized its existence and validity. This agreement was duly acknowledged by Miazza, and recorded; but it was not made till after the making and due registration of the deed in trust to the Greens, under which the appellees claim title, in virtue of a sale made in pursuance of it by the trustee. This sale was not made till after the registration of the above-mentioned agreement between Kells and Miazza.

There is a stipulation in the record, signed by the counsel of both parties, that J. & T. Green, at the time they advanced their money to Miazza and took the deed in trust as security for its payment, had no actual knowledge of the claim of appellant or his vendor, Cooper; but that long prior to the building of Angelo's Hall, the Cooper-Kells building had been erected, and that its eastern wall constituted the western wall of Angelo's Hall, and the defendants and J. & T. Green then knew these facts.

On this state of facts, Kells filed his bill in equity, in which he asserted a lien on the lot on which Angelo's Hall was erected, for the amount of his claim as assignee of Cooper, as adjusted between him and Miazza in 1868. The chancellor dismissed the bill, and Kells appealed.

If it be conceded that the appellant acquired a lien on the lot of Miazza, by virtue of the assignment by Cooper to him of the claim for one-half of the cost of the wall, it would not follow that this claim could be asserted against these defendants, who

are purchasers, without notice, for a valuable consideration, or hold under the Greens, who were such. The agreement between Cooper and Miazza was never recorded; and it is admitted that the Greens had no actual knowledge of the claim arising out of it, and now set up by the appellant. That they knew, when they advanced their money and took the deed in trust, that Cooper had built the wall, and that afterwards Miazza had used it as one of the walls of his building, would not constitute notice; for it was not shown that they knew that Miazza did not contribute his share to the building of the wall in the first instance; and if it was so shown, they would have had the right to presume that Miazza had afterwards paid his share of the cost of the wall, since he was not allowed by law to appropriate the wall to his use, without first making payment of one-half its cost or value.

The subsequent written agreement made by Miazza and Kells can have no influence on the controversy. It was made after the rights of the Greens had attached. It can have no other effect than as a subsequent encumbrance; and the defendants, Helm & Yerger, having made a valid purchase under the senior encumbrance, are entitled to all the rights and privileges of the first encumbrancer, and are not affected by the notice which they had, at the time of their purchase, of the existence of the appellant's claim.

Decree affirmed.